## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|

| S. Anthony | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS**

### I.
### Proceedings

On June 12, 2014, Rickey Williams ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Docket No. 1.) Plaintiff failed to either pay the full filing fee or file an in forma pauperis application in order to proceed without payment of the full filing fee. Because Plaintiff failed to pay the full filing fee and apparently seeks to proceed in forma pauperis in this action, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons set forth below, Plaintiff is ordered to show cause why in forma pauperis status should not be denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

**II.**
**Discussion**

**A.    Summary of Plaintiff's Allegations.**

Plaintiff's Complaint names as defendants the following officials of the California Men's Colony – East Facility ("CMC-East"):  D. Ralston, M.D., Chief Medical Officer; T. Fox, M.D., Chief Medical Executive; S. Lee, M.D., Physician and Surgeon; Amanda Z. Dillen, D.O.; and L. Sprague, M.D. (collectively, "Defendants").[1]  (Complaint at 1-3.)  Plaintiff states that Defendants denied him access to medical care for his serious medical needs, including "symptoms of heaviness in the chest[,] dull chest pain, lung burn sensation, . . . difficulty breathing [and] shortness of breath."  (Complaint at 6.)  The following is a summary of Plaintiff's medical treatment based on Plaintiff's allegations and the medical grievance records attached to the Complaint:

- **June 2013**: Plaintiff submitted a "health care form" to be seen by a medical doctor for his symptoms;
- **June 20, 2013**: medical consultation with Dr. Sprague, including examination of Plaintiff's vital signs (blood pressure, respiration, and temperature) (Complaint at 4);
- **June 2013**: "medical performed an [electrocardiogram ("EKG")] during [an] emergency room visit" (Complaint at 4);
- **July 2, 2013**: Plaintiff underwent "cardiac nuclear stress testing" (Complaint at 4);
- **July 8, 2013**: medical consultation with Dr. Duncan that included an examination of Plaintiff's vital signs (blood pressure, respiration, and temperature) (Complaint at 4);
- **July 18, 2013**: follow up visit with Dr. Duncan that included an examination of Plaintiff's vital signs (blood pressure, respiration, and temperature); Plaintiff was informed that "nuclear stress test" results were "normal"; Plaintiff requested further testing; Plaintiff scheduled for a Chronic Care Program ("CPC") visit in 90 days (Complaint at 4-5);

---

[1]  Plaintiff only names Defendants Ralston, Fox, Lee, Dillen, and Sprague in the caption of the Complaint.  (Complaint at 1.)  To the extent Plaintiff makes allegations against any other individuals not named in the caption, these individuals named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action.  See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

- **July 22, 2013**: Plaintiff submitted a "health care services request form" after experiencing "another bad episode of symptoms", including "heaviness in the chest, dull chest pain, lung burning sensation, and difficulty breathing" (Complaint at 5);

- **July 24, 2013**: Plaintiff "spoke with" Amanda Z. Dillen, D.O., a primary care physician, who "examined [Plaintiff's] feet" and his vital signs.  Plaintiff alleges Dr. Dillen "was not concerned about [Plaintiff's] symptoms", responded to Plaintiff's statement that "something is wrong!' by "sarcastically" saying "'well it's not your heart'", and "focused on high blood pressure medication, type II diabetes medication, and cholesterol medication." Plaintiff was scheduled a follow up appointment in "2 to 3 weeks" (Complaint at 5);

- **August 8, 2014**: Plaintiff had his follow up examination with Dr. Dillen, who inquired about Plaintiff's medications and examined Plaintiff's vital signs; Dr. Dillen "ignored" Plaintiff's attempts to discuss his persisting symptoms, "put[ting] the focus back on medications" (Complaint at 5);

- **August 14, 2013**: Plaintiff had a follow up visit with Dr. Dillen, who examined Plaintiff's vital signs and scheduled another follow up visit "for blood pressure"; Plaintiff learned that "the breathing test he had taken was lost by staff and that he would have to retake this test" (Complaint at 6);

- **August 23, 2013**: Plaintiff underwent a cardiology consultation for chest discomfort (Complaint at 7);

- **September 6, 2013**: Plaintiff experienced another "bad episode of symptoms"; the triage nurse "diagnosed Plaintiff with [gastroesophageal reflux disease ("]GERD["])]"; "[w]alked [Plaintiff] over to the CMC-East hospital", and "provided Tums"; Plaintiff never spoke to a Doctor that day, but he "discovered [that] . . . Dr. Dillen now believe[s] Plaintiff has GERD" (Complaint at 6);

- **September 10, 2013**: Plaintiff had a consultation with Dr. Dillen to follow up on the August 23, 2013, cardiology consultation; Plaintiff learned that the results of his "breath test" indicated "restrictive lung exist too make it harder for the respiratory system to expand"; Dr. Dillen "felt issue was no big deal" and would not discuss further testing; Dr. Dillen discussed Plaintiff's medications and examined his vital signs (Complaint at 7);

- **September 26, 2013**: Plaintiff had a follow up visit with Dr. Dillen; according to Plaintiff, for Dr. Dillen, understanding the cause of Plaintiff's symptoms is "not important"; Dr. Dillen "focused on medications"; when Plaintiff could not name all ten medications he was taking, Dr. Dillen "assumed Plaintiff [was] not taking [these] medications[] and accused plaintiff of selling his medication [i]n the yard";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

Dr. Dillen sent Plaintiff back to his cell for all his medications; Plaintiff returned with two bags "contemplating a medication strike" (Complaint at 7);

- **October - November 2013**: Plaintiff had two "chronic care visits" with Dr. Sprague; when Plaintiff began describing his symptoms, Dr. Sprague interrupted Plaintiff, stating "'we are not here for that. Submit a health care form.'"; Dr. Sprague "discussed [Plaintiff's] vital signs" in a "perfunctory" way; during a second "chronic care follow up visit", Dr. Sprague stated "she understood [Plaintiff's] frustration" and checked Plaintiff's feet (Complaint at 8);

- **Undisclosed dates**:
  - Plaintiff wrote the Medical Board of California to inquire about the existence of official complaints against Dr. Dillen; Plaintiff learned that Dr. Dillen is not a medical doctor licensed by the medical board, and that she is licensed under the jurisdiction of the Osteopathic Medical Board of California (Complaint at 8);
  - Plaintiff's sister tried to call Dr. Ralston, Chief Medical Officer, and Plaintiff's sister instructed to call Plaintiff's counselor (Complaint at 9);
  - Plaintiff's cousin wrote Warden Valenzuela (Complaint at 9);
  - Warden Valenzuela contacts C-Quad Captain, who had Plaintiff speak to a Sergeant, who in turn "ascertain[ed] [Plaintiff] could talk, walk, look[ed] alright and sent Plaintiff on his way" (Complaint at 9);

- **December 3, 2013**: Dr. Lee interviewed Plaintiff in connection with his medical grievance; Dr. Lee denied Plaintiff's request for further testing at the First Level of Review, concluding that further tests "are not medically indicated" following an interview with Plaintiff and a review of Plaintiff's Unit Health Records; Dr. Lee noted that, based on Plaintiff's symptoms and physical examination, Plaintiff's physician does not believe these tests are warranted; moreover, the cardiology consultation indicated "a very low probability of coronary artery disease" (Complaint at 9; id., Exhibit A at 5-6);[2]

- **December 14, 2013**: Plaintiff sent Dr. Fox, Chief Medical Executive, a letter concerning his persisting symptoms (Complaint at 9);

- **December 16, 2013**: Plaintiff underwent a medical consultation with Dr. Dillen; Plaintiff sought to be checked for bronchitis or emphysema; Dr. Dillen "assured Plaintiff he does not have Bronchitis or Emphesyma", stating "you don't smoke and your x-ray clear no lung cancer"; Plaintiff protested that "a bronchoscope is the only way to be sure [because] it enables physician[s] to detect diseased areas

---

[2] For ease of reference, the pages in Exhibit A attached to the Complaint are labeled and referred to in consecutive order, i.e., 1-9.

**CIVIL MINUTES - GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

that cannot be seen by x-rays"; Dr. Dillen started "discussion of medication, checked [Plaintiff's] feet, and discussed perfunctory exam of vital signs" (Complaint at 10);

- **February 10, 2014**: Dr. Fox denied Plaintiff's medical grievance at the Second Level of Review, finding Plaintiff's allegations of cursory care unfounded following a review of Plaintiff's medical records; Dr. Fox noted that Plaintiff received extensive treatment for his symptoms since June 2013, including seven face-to-face assessments with a triage nurse; 11 consultations with CMC-East physicians; diagnostic testing in the form of an EKG and a chest x-ray reflecting no acute cardiopulmonary disease, a nuclear stress test showing normal results, and laboratory diagnostic tests; and changes to Plaintiff's blood pressure and cholesterol medications (Complaint, Exhibit A at 1-2);

- **January 29, 2014**: Plaintiff was transferred to the California Correctional Institution ("CCI"), where he continues to experience the same symptoms; CCI medical doctors explained to Plaintiff that CMC-East physicians performed all necessary diagnostic tests; CCI medical staff performed a valley fever test;

Plaintiff explains that he "can no longer walk laps . . . [,] run laps . . . [or] work out for exercise due to constant chest discomfort[;] [and h]e can no longer sleep a required 6 to 8 hours, or eat a full meal[,]" and that his condition "create[s] fear, anxiety, and humiliation." (Complaint at 11.) Plaintiff alleges that the denial of medical care for Plaintiff's condition amounts to deliberate indifference to a serious medical need in violation of the Eighth Amendment. (Complaint at 13-15, 16-18.) Moreover, Plaintiff alleges that Defendants' actions violated Plaintiff's right to equal protection under the law. (Complaint at 15-16.) Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages.

## B.   **Legal Standard.**

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam) (citation and internal quotation marks omitted); see also 28 U.S.C. § 1915(e)(2)(B) (court shall dismiss in forma pauperis case at any time it determines the action:  "(i) is frivolous or malicious; [¶] (ii) fails to state a claim on which relief may be granted; [¶] or (iii) seeks monetary relief against a defendant who is immune from such relief."). Dismissal is appropriate if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Cook

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94; Albright v. Oliver, 510 U.S. 266, 267 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*.") (italics in original). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**C.     Analysis.**

**1.      Plaintiff's Complaint Is Subject To Dismissal For Failure To State A Claim.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); West v. Atkins, 487 U.S. 42, 48 (1988). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright, 510 U.S. at 271 (internal quotations and citation omitted). The first step is to identify the specific constitutional or federal right allegedly infringed. Id. In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

Here, Plaintiff fails to allege the deprivation of a constitutionally or federally protected right. See American Mfrs. Mut. Ins. Co., 526 U.S. at 49.

### i.    **Denial of Medical Treatment.**

To the extent Plaintiff alleges he was denied medical care, not every claim by a prisoner relating to inadequate medical treatment states a constitutional violation. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotations omitted). Deliberate indifference may be manifested in two ways: either when prison officials deny, delay or intentionally interfere with medical treatment, or by the way that prison physicians provide medical care. Estelle, 429 U.S. at 104-05; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). In either case, the indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. Estelle, 429 U.S. at 105-06; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Similarly, mere delay in providing a prisoner with medical treatment, without more, does not amount to a constitutional violation. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The gravamen of Plaintiff's claim is that Defendants were deliberately indifferent to his serious medical needs when they failed to order further diagnostic testing, particularly an MRI or a bronchoscope, in response to his continuing symptoms of chest discomfort, including "some pain". (Complaint at 17; see id. at 13-18.) Plaintiff's allegations reflect nothing more than "a difference of medical opinion as to the need to pursue one course of treatment over another[, which is] . . . insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see Estelle, 429 U.S. at 107-08 ("[T]he question whether a[] . . . form[] of treatment is indicated is a classic example of a matter for medical judgment" and "[a] medical decision not to order [a form of treatment] . . . does not represent cruel and unusual punishment."); Toguchi, 391 F.3d at 1058 ("[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'") (citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

omitted); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to Sanchez'[s] serious medical needs."); <u>Perkins v. Kansas Dep't of Corr.</u>, 165 F.3d 803, 811 (10th Cir. 1999) (district court properly dismissed plaintiff's Eighth Amendment claim based on prison physician's alleged failure to prescribe appropriate medication since "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."). Plaintiff's allegations and the grievance records show that, rather than disregarding Plaintiff's condition, the treating Defendants repeatedly examined Plaintiff, who underwent several diagnostic tests, including an EKG, a nuclear stress test, a chest x-ray, and a breathing test. All treating Defendants – including three treating physicians – chose not to pursue additional diagnostic testing in response to Plaintiff's symptoms. Moreover, the defendants who reviewed Plaintiff's medical grievance interviewed Plaintiff and/or examined his medical file, and concluded based on the results of diagnostic testing and physical examinations that Plaintiff was receiving appropriate medical care for his symptoms. Under the circumstances, Plaintiff's allegations fail to state a claim for deliberate indifference to a serious medical need.[3] <u>See, e.g.</u>, <u>Moreno v. Medina</u>, 2013 WL 3350819, at * 4 (E.D. Cal. 2013) (fact that the same course of treatment was recommended by multiple physicians suggests that the treatment was not medically unacceptable under the circumstances).

Thus, the Complaint is subject to dismissal for failure to state a claim of deliberate indifference to a serious medical need.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] To the extent Plaintiff argues the medical staff defendants were deliberately indifferent to his medical needs because some of the medical care providers who treated Plaintiff are not medical doctors, (<u>see</u> Complaint at 6, 8), there is no Eighth Amendment requirement that inmates be treated only by persons holding medical degrees. <u>See, e.g.</u>, <u>Williams v. Kernan</u>, 2013 WL 556147, at *10 (N.D. Cal. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, <u>et</u> <u>al.</u> | | |

### ii. __Substantive Due Process.__

Plaintiff alleges that Defendants' inadequate medical treatment amounted to a denial of due process.  (Complaint at 15-16.)  In effect, Plaintiff seeks to bring his inadequate medical treatment claim under both the Eighth and Fourteenth Amendments.  However, because Plaintiff is a state prisoner rather than a pretrial detainee (<u>see</u> Complaint at 2), the Eighth Amendment is the primary source of substantive protection.  <u>See</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986) (explaining that in cases involving prison inmates, "the Due Process Clause affords . . . no greater protection than does the Cruel and Unusual Punishments Clause"); <u>see also</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n. 16 (1979) ("Due Process requires that a pretrial detainee not be punished.  A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment.").  "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [Plaintiff's] claims."  <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 842 (1998) (internal quotation marks, citation, and brackets omitted).  Accordingly, Plaintiff's claims challenging Defendants' denial of medical treatment are properly brought under the Eighth Amendment, rather than the Fourteenth Amendment.

Thus, the Complaint is subject to dismissal for failure to state a substantive due process claim.

### iii. __Vague and Conclusory Allegations.__

To the extent Plaintiff asserts any other grounds for relief in the Complaint, including a claim under the Equal Protection Clause,[4] Plaintiff's "allegations" are vague and conclusory and manifestly insufficient to state a Section 1983 claim.  <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992); <u>Price v. Hawaii</u>, 939 F.2d 702, 708 (9th Cir. 1991), <u>cert. denied</u>, 503 U.S. 938 (1992).

---

[4] An equal protection violation requires a showing that persons similarly situated were unfairly treated differently.  <u>See</u> <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008).  A showing of invidious discriminatory intent is also required.  <u>See</u> <u>Village of Arlington Heights v. Metropolitan Housing Dev. Corp.</u>, 429 U.S. 252, 265 (1977); <u>Navarro v. Block</u>, 72 F.3d 712, 716 (9th Cir. 1996).  Intentional discrimination means that a defendant acted at least in part because of a plaintiff's membership in a protected class. <u>See</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir.), <u>cert. denied</u>, 525 U.S. 1154 (1999); <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

**2.      This Action Is Subject To Dismissal For Failure To Either Pay The Required Filing Fee Or File A Request To Proceed In Forma Pauperis.**

In addition to the aforementioned grounds for dismissal of the Complaint, this action is also subject to dismissal since Plaintiff has neither paid the required filing fee nor submitted a request to proceed in forma pauperis. See Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) ("Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status."); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999) ("Parties filing actions . . . are required to pay a filing fee. An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.") (citations omitted).

**III.
Conclusion**

Based the foregoing, IT IS ORDERED THAT:

1.  Plaintiff is ordered to show cause on or before **September 11, 2014**, why he should not be denied leave to proceed in forma pauperis in this action. If Plaintiff still wishes to pursue this action, he shall have until **September 11, 2014**, to (1) file an in forma pauperis application in order to proceed without payment of the full filing fee, and (2) submit a First Amended Complaint, attempting to cure the defects in the Complaint.

2.  The First Amended Complaint must be labeled "First Amended Complaint" and contain the case number assigned to the case, i.e., Case No. CV 14-4522 UA (JEM). The First Amended Complaint shall be complete in itself. Local Rule 15-2 requires that an amended pleading be complete in and of itself **without reference to any prior pleading**. This is because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

3.  The First Amended Complaint must remedy the deficiencies discussed herein. Plaintiff must use and complete the Central District's "Civil Rights Complaint" form for the First Amended Complaint. Plaintiff's First Amended Complaint should also allege the deprivation of constitutionally or federally protected right(s). Plaintiff should avoid conclusory statements and the formulaic recitation of elements of a cause of action. See Twombly, 550 U.S. at 555.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4522-UA (JEM) | Date | August 12, 2014 |
|---|---|---|---|
| Title | Rickey Williams v. D. Ralston, et al. | | |

    4.  Failure to comply with these requirements may result in a recommendation that Plaintiff be denied leave to proceed in forma pauperis for failure to state a claim on which relief may be granted. The failure to properly respond to this OSC may result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b).

    5.  The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and request to proceed in forma pauperis form.

IT IS SO ORDERED.

cc: Parties

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | sa | |